IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OLGA M. ORTIZ COSME,

    Plaintiff,

        v.                      CIVIL NO.: 08-2153 (MEL)

LUIS A. RODRÍGUEZ,
HS GENERAL CONTRACTORS;

    Defendants.

**OPINION AND ORDER**

Plaintiff Olga M. Ortiz Cosme ("Ortiz") filed a complaint on October 7, 2008 against her former employer, HS General Contractors, and a former supervisor for HS General Contractors, Luis A. Rodríguez. (Docket No. 1.) Ortiz alleges sexual harassment and employment discrimination in violation of Title 42 United States Code, section 2000e-5 *et seq.*; Puerto Rico Act Number 17 of April 22, 1988, P.R. Laws Ann., tit. 29, § 155 ("Law 17"), Puerto Rico Act Number 69 of July 6, 1985, P.R. Laws Ann., tit. 29, § 1321 ("Law 69"); Puerto Rico Act Number 100 of June 30, 1959, as amended, P.R. Laws Ann., tit. 29, § 146 ("Law 100"); and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, §§ 5141, 5142 ("Articles 1802 and 1803").

"In Puerto Rico the provisions of the Civil Code are supplementary to special legislation." Barreto v. ITT World Directories, Inc., 62 F. Supp. 2d 387, 393 (D.P.R. 1999) (citing Rosario v. Atlantic Southern Ins. Co., 95 P.R. Offic. Trans. 742, 747 (1968); Berrocales v. Tribunal Superior, 102 P.R. Dec. 224, 226 (1974); Rivera de Vincenti v. Colón, 103 P.R. Dec. 560 (1975)). Specifically, in the labor and employment context, a plaintiff is barred from using conduct covered by a specific labor law to also bring claims under Articles 1802 and 1803. See Medina v. Adecco,

561 F. Supp. 2d 162, 175-76 (D.P.R. 2008) (quoting Denis Rosario v. McConnell Valdés, No. 07-1508(CCC), 2008 WL 509204, at *1-2 (D.P.R. Feb. 21, 2008) (not reported)).

Inasmuch as plaintiff's claims are based on conduct governed by Puerto Rico's laws prohibiting sexual harassment and discrimination in employment, to wit, Laws 17, 69, and 100, any claim pursuant to Articles 1802 and 1803 based on the same conduct would be barred under Puerto Rico law. See Medina, 561 F. Supp. 2d at 162. Plaintiff may only recover under Articles 1802 and 1803 if defendants have engaged in tortious conduct independent from the alleged sexual harassment and employment discrimination. See Barreto, 62 F. Supp. 2d at 395 (citing Rivera v. Sec. Nat'l Ins. Co., 106 P.R. Dec. 517, 527 (1977); Vargas v. Royal Bank of Can., 604 F. Supp. 1036, 1040 (D.P.R. 1985)); Medina, 561 F. Supp. 2d at 175-76 (citing Denis Rosario, 2008 WL 509204, at *1-2); Rolón Suarez v. Venator Group, Inc., 08-2017(FAB/MEL), 2009 WL 4015655, at *3-4 (D.P.R. Nov. 17, 2009) (not reported).

Plaintiff's complaint does not identify any specific conduct supporting her claims under Articles 1802 and 1803, and it evinces no facts supporting a cause of action in tort independent from the alleged sexual harassment and employment discrimination. (Docket No. 1.) Accordingly, plaintiff's claims under Articles 1802 and 1803 are hereby DISMISSED with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of June, 2010.

                                            s/Marcos E. López
                                            U.S. MAGISTRATE JUDGE